Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Curtis Kells, Appellant.

Argued October 10, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

480

*Stephen F. Ritner,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, December 31, 1975:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) in which Curtis Kells was denied benefits pursuant to Section 402(e) of the Unemployment Compensation Law,[1] the Board holding that his dismissal came about as a result of his willful misconduct.

The claimant had been working for the Commercial Carpet Company for a period of thirteen months until dismissed on May 6, 1974. On several occasions during the months of March, April, and May of 1974, he had been absent from work, the last occasion having been on May 5, 1974 when the received an emergency request to come to a hospital where his daughter had just been taken following an accident. According to the claimant, he had contacted his employer before departing for the hospital to explain his reason for failing to report to work that evening. He was discharged on the following day, however, "because of his not reporting to work regularly." When he subsequently applied for unemployment compensation benefits, he was awarded compensation by the ref-

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(e).

eree, who found, after a hearing, that the claimant's absence from work on May 5, 1974 which precipitated his discharge did not amount to willful misconduct. After additional hearings the Board reversed the referee and denied benefits, with a finding that the claimant's "pattern of absenteeism" amounted to disqualifying willful misconduct. The claimant's appeal to this Court followed.

Willful misconduct such as to disqualify a discharged employee from the receipt of benefits is generally defined in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973) and clearly includes excessive unjustified absenteeism. *Hinkle v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973); *Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973). In our view the May 5 incident which appears to have precipitated the claimant's discharge did not of itself amount to willful misconduct. An absence from work with notice to the employer that the employee was required to attend to an injured relative hospitalized in an emergency situation constitutes sufficient justification for not reporting to work. *See Thomas v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974). The Board, however, did not find that the claimant's discharge was based upon this incident alone but rather upon the claimant's record of absenteeism prior to May 5, 1974. It is this finding which is now under review.

There is little more than hearsay evidence in the record as to the exact dates on which the claimant missed work, but he concedes that there were at least three occasions during the period from February through April 22 of 1974 for which he received sick benefits from his union. Absence from work because of sickness, of course, is not willful misconduct. *Rosenhoover v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 455,

303 A.2d 578 (1973). On the other hand, failure to report an illness in the proper manner under company policy does constitute willful misconduct justifying discharge and precluding the recovery of benefits. *Ferko v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973). The claimant asserts that the admitted absences were justified and that any other absences during his employment were also justified for one reason or another. The employer testified, however, that the claimant, on all but one occasion, failed to give notice of the reasons for his absences, and there were 24 absences during the last 50 days of the claimant's employment. Moreover, the employer asserts that these absences occurred as late as the last week in April, sufficiently close in time to May 5 to justify discharge at that time without regard to the absence of that day. The Board, unfortunately, failed to include in its adjudication any findings as to whether or not the claimant's absences prior to May 5 were justified and were taken with proper notice to the employer. Yet these are issues vital to a just determination of the claimant's application for benefits. And, as in this case, where the record is replete with contradiction, ambiguity, and hearsay testimony appellate review of such issues is virtually impossible without the proper findings of fact. "An appellate court or other body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level." *Page's Department Store v. Velardi,* Pa. , 346 A.2d 556 (1975). We must therefore, remand this case to the Board for the taking of additional evidence, if the Board deems it necessary, and for the making of appropriate findings. *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975).

We, therefore, issue the following

## Order

AND, NOW, this 31st day of December, 1975, the appeal by Curtis Kells is hereby sustained and this action shall be remanded forthwith to the Board for action and determination consistent with the above opinion.