William Wilson, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 8, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Judy F. Berkman,* with her *Richard P. Perna,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 24, 1978:

William Wilson, Jr. has appealed from an order of the Unemployment Compensation Board of Review denying him benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), rendering ineligible persons whose unemployment is the result of their wilful misconduct. We affirm the Board's order.

Wilson had been employed by Ace Dump Truck Service for about eight years when he was discharged on May 11, 1976. Ace Dump Truck Service is engaged in the business of removing commercial and industrial waste from customers' premises. Ace requires its employees to work longer than a regular eight-hour shift if and when a customer requests immediate service. Consistent with this requirement, the collective bargaining agreement in effect between Ace and Teamsters Local 513, of which Wilson is a member, provides that employees would be required to work overtime when the work load demanded. As the result of confusion on the part of the employees concerning this requirement, a union meeting was held

on April 15, 1976 at which the employees were told by union officials that refusal to work overtime when ordered would result in immediate discharge. Written notice of this policy was posted on Ace's bulletin board on April 16, 1976. Wilson admits that he knew of this policy.

On May 10, 1976, Wilson worked from 6:30 A.M. until 4:45 P.M. As he was leaving for the day his employer asked him to undertake an additional assignment which would have taken about one hour. Wilson told the dispatcher that he had already worked two hours and fifteen minutes overtime, that he was too tired to do anything more and that he was going home. He left work and was discharged the next day.

Wilson concedes that a refusal to work overtime when requested to do so by the employer can rise to the level of wilful misconduct. He says, quite correctly, that the reasonableness of both the employer's request and the employee's refusal are to be considered in determining whether the employee's conduct is disqualifying. He says that his employer's request was unreasonable and his refusal was reasonable. With this we disagree.

There is no evidence in the record which suggests that it was unusual for the employer to ask its employees to work three hours overtime or for the employees to do so. Nor is there evidence that Wilson, although tired, was physically unable to work for an additional hour. There is evidence that on the day in question Ace was shorthanded because two employees had not reported for work because of illness. Under all of the circumstances we are unable to disagree with the compensation authorities' conclusion that Wilson unreasonably refused to perform a reasonable duty required by his employer and thereby rendered himself ineligible to receive benefits.

Order affirmed.

6

### ORDER

AND Now, this 24th day of July, 1978, the order of the Unemployment Compensation Board of Review denying benefits to William Wilson, Jr. is affirmed.