Theodore R. Hughes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*George R. Price, Jr.,* with him *Warren R. Baldys, Jr.,* for appellant.

*John T. Kupchinsky,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, February 28, 1979:

Theodore R. Hughes (Claimant) was discharged by the Nippenose Equipment Company (Employer) from his salaried position as assistant manager of a retail store. He had been employed in that capacity for over one and one-half years. The reason for his discharge was his refusal to stay after normal store hours to perform additional work for his Employer. Claimant's job description, with which he was familiar, provided that he was to work a minimum of 45 hours per week and that on occasion he might be asked to work additional hours. On Wednesday of Thanksgiving week in 1976, Hughes was asked to stay approximately one additional hour to complete some projects of which Employer had previously apprised him in anticipation of a busy day on the Friday following Thanksgiving. Claimant refused to stay because he said that he had a commitment for a band rehearsal. He testified that Employer knew of this commitment and that he depended upon the band for supplementary income.

The referee denied benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which disqualifies employees who are discharged due to willful misconduct. The Unemployment Compensation Board of Review (Board) affirmed. After hearing arguments on Claimant's request for reconsideration, the Board reinstated its former decision. Claimant now appeals to us from that order.

In determining whether an employee's refusal of his employer's request to work overtime constitutes

640

willful misconduct, we must balance the reasonableness of the request with the reasonableness of the refusal. *Wilson v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 3, 388 A.2d 796 (1978). As we concluded in *Wilson*, so we conclude here that "[u]nder all of the circumstances we are unable to disagree with the compensation authorities' conclusion that [Claimant] unreasonably refused to perform a reasonable duty required by his employer and thereby rendered himself ineligible to receive benefits." *Id.* at 5, 388 A.2d at 798.

We affirm.

### ORDER

AND Now, this 28th day of February, 1979, the order of the Unemployment Compensation Board Re-Review, dated May 26, 1977, reinstating its order of February 28, 1977, denying benefits to Theodore R. Hughes, is affirmed.