Dennis J. Reed, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of thee.

*George R. Price, Jr.,* with him, *Danna Rich-Collins,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 8, 1980:

Dennis J. Reed (claimant) appeals the denial of compensation by the Unemployment Compensation

Board of Review (Board) pursuant to Section 402(e) of the Unemployment Compensation Law,[1] the willful misconduct provision. We affirm.

While employed as a station attendant by the Fisca Oil Company, Inc., claimant was informed that his Sunday work schedule was changed. Instead of working the 6 a.m. to 2 p.m. shift, he was to work the 2 p.m. to 10 p.m. shift every second Sunday. Claimant refused to work the new shift and, after failing to report for the new shift on three Sundays, was fired.

On this appeal, claimant argues that the Board's findings of fact 3, 4, and 5 are not supported by substantial evidence.

The third finding is:

3. At the time his shift was changed the claimant was told he would be given three chances to show up for his new shift.

This finding is supported by the employer's testimony that he told claimant "ahead of time, three chances and that's all you get," and that he discharged claimant after he failed to report as scheduled on three Sundays.

The fourth and fifth findings are:

4. After this warning the claimant did not show up for the 2 p.m.-10 p.m. shift on two successive Sundays.

5. On August 13, 1978 the claimant reported to work at 6 a.m. instead of 2 p.m. as mandated by his change in shifts, and he was at that time discharged.

Though poorly drawn and subject to differing interpretations, these findings, aside from an inaccuracy in the fifth finding, reflect the essence of the em-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

ployer's testimony and are supported by substantial evidence. The "two successive Sundays" in finding 4 refer to the Sundays preceding August 13, 1978, the third Sunday. There is no dispute that on all three Sundays claimant failed to report for the afternoon shift. The inaccuracy in the fifth finding has no effect on the resolution of the crucial issue of whether claimant reported as scheduled and therefore affords no basis for relief.[2] *See Wetzel v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

Claimant also argues that his failure to work the new shift does not constitute willful misconduct because he honestly believed he had the option of refusing.

Although an employee's refusal to work in accordance with a schedule reasonably established by the employer will normally constitute willful misconduct, *Hayes v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 49, 387 A.2d 186 (1978); *Unemployment Compensation Board of Review v. Ciotti,* 24 Pa. Commonwealth Ct. 373, 356 A.2d 368 (1976), this noncompliance may not constitute willful misconduct if the employee shows that his action was justifiable and reasonable under the circumstances. *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978); *Hayes v. Unemployment Compensation Board of Review, supra.*

Claimant here testified that, in his opinion, the shift change was merely requested and not mandatory, on the basis of the employer's rather casual approach to the matter and the employer's failure to

---

[2] Finding 5 indicates that claimant reported for work at the wrong time on Sunday, August 13, 1978, whereas it is undisputed that he did not report for work at all.

warn him of the consequences of a refusal. First, we have consistently held that advance warning is not a prerequisite to a finding of willful misconduct.[3] *Dolan v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 316, 381 A.2d 1323 (1978); *Unemployment Compensation Board of Review v. Atlantic Richfield Co.*, 22 Pa. Commonwealth Ct. 511, 349 A.2d 496 (1975). Second, Claimant admitted that he was told he would have to change shifts and that he continued to work his old shift despite his knowledge that he was supposed to work a different shift. This admission and the employer's testimony that claimant had three chances to comply with the new schedule demonstrate a required change in schedule. Further, claimant's apparent failure to clarify his situation with his employer in the face of apparently inconsistent and vague statements by his employer leads us to conclude that, even if claimant did misunderstand, his misunderstanding did not justify his failure to comply with the schedule change.

Finally, we find no merit in claimant's argument that he should not be found guilty of willful misconduct since the employer, although allowing three Sundays in which to adjust his schedule, fired him after only the second Sunday on which he was scheduled to work the afternoon shift. The employer's testimony, as found by the Board, is that claimant had three Sundays in which to start the new shift and that he failed to report for the afternoon shift three Sundays in a row.[4] Our review of this record reveals no reason to disturb the Board's conclusion.

---

[3] The employer's statement that claimant had three chances to comply certainly constitutes some warning, even though the specific consequence was not clarified.

[4] As to the three Sundays in question, claimant contends that the schedule had been initiated and therefore he was to work the morning shift on the second Sunday, which he did.

236

### ORDER

AND Now, this 8th day of May, 1980, the order of the Unemployment Compensation Board of Review, dated December 1, 1978, affirming the decision of the referee and denying unemployment compensation benefits to Dennis J. Reed, is affirmed.