Carol Robertson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Lolly Robertson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

308

Argued April 10, 1980, before Judges Wilkinson, Jr., Mencer and MacPhail, sitting as a panel of three.

*Margaret A. Lenzi*, for petitioner.

*Gary Marini*, Assistant Attorney General, with him *James Bradley*, Assistant Attorney General, *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

Opinion by Judge Mencer, July 30, 1980:

Lolly Robertson and her sister, Carol Robertson (claimants), appeal orders of the Unemployment Compensation Board of Review (Board) denying benefits to each because of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm both orders.

Claimants were employed as pickers by the Delaware Valley Hobby Distribution Center (employer). On a number of occasions between December 1976 and March 27, 1977, they were requested to work overtime for their employer but refused to do so in order to spend more time with their family. Despite warnings by their employer that failure to work the extra hours would jeopardize their jobs, claimants again refused to work overtime on March 27, 1977. Consequently, claimants were discharged and subsequently were denied unemployment benefits at all levels by the compensation authorities. This appeal followed.

Claimants argue that the Board's findings are not supported by substantial evidence. This argument is without merit, since the claimants' own testimony,[1] as well as the testimony of their employer, establishes that claimants refused to work overtime for their employer, not only on March 27, 1977 but at any time between December 1976 and March 27, 1977. Although claimants *also* presented evidence to contradict the charges of a blanket refusal to work overtime subsequent to December 1976, the Board resolved this conflict in favor of the employer. The Board's findings are adequately supported by competent evidence and thus are binding on us. *Santiago v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 276, 402 A.2d 300 (1979).

Claimants assert that their conduct did not amount to willful misconduct. In deciding this question, the

---

[1] Pertinent portions of the record read:

Referee: There were times when you refused to work overtime after January—between January and March?

Lolly Robertson: Right.

....

Referee: Do you agree with what she told me?

Carol Robertson: Yes, everything.

reasonableness of the employer's request must be balanced with the reasonableness of the employee's refusal. *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 638, 398 A.2d 236 (1979). Here, the employer requested his employees to work overtime on Sunday, March 27, 1977 to assist him with an open house. Prior to that, between December 1976 and March 27, 1977, he had asked the employees to work one Sunday and had sometimes asked them to stay for an extra hour in the evening during the week. The Board found that claimants refused to work overtime, not only on March 27, 1977 but at any time after December 1976, because they wanted to spend more time with their family.

Although we recognize that certain family obligations provide justification for a refusal to work, *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975); *Thomas v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974), we have never held that a blanket refusal to work overtime because of a general desire to spend more time with one's family justifies a refusal to work. To the contrary, we must conclude that such a blanket refusal is unreasonable. Consequently, under the rationale of *Hughes v. Unemployment Compensation Board of Review, supra,* claimants are ineligible for compensation benefits.

Accordingly, we enter the following

ORDER

AND Now, this 30th day of July, 1980, the orders of the Unemployment Compensation Board of Review, dated November 27, 1978, affirming a referee's denial of benefits to Lolly Robertson and Carol Robertson, are hereby affirmed.