Antoinette Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 6, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Marjorie Janoski,* with her *Terry L. Fromson,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, November 3, 1980:

Antoinette Johnson appeals from an order of the Unemployment Compensation Board of Review affirming the order of the referee denying her unemployment compensation benefits on the ground of willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

On January 5, 1979, the appellant was discharged by the employer for failing to conform to her employer's rule that employees should not spend more than twenty minutes a day in the lavatory. However, she was reinstated on January 15, 1979 after she produced a doctor's note that she had been treated for a urinary tract infection in 1970 and asserted that she was currently undergoing treatment. She was told to improve her record in this area or she would be discharged. The appellant continued to spend too much time in the lavatory after her reinstatement and was discharged for this reason on March 12, 1979.

The appellant argues that the referee's findings of fact were not supported by substantial evidence. A careful reading of the record indicates that there was testimony supportive of all of the findings of the referee and these findings cannot therefore be disturbed by this court. *Huff v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 11, 396 A.2d 94 (1979).

The appellant claims that her failure to comply with the company rule relating to lavatory abuse was

not willful misconduct under Section 402(e) of the Unemployment Compensation Law. A deliberate violation of the employer's rules generally is considered to be willful misconduct. *Kells v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 142, 378 A.2d 495 (1977). However, if the employee's failure to comply with an employer's rule was justifiable and reasonable in the light of all the circumstances, that failure does not constitute willful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

At the referee's hearing on her claim for compensation, Ms. Johnson testified that she was unable after her reinstatement to conform to the employer's rule about time spent in the lavatory because she continued to suffer from the urinary tract infection. The referee found that Ms. Johnson did not submit new medical evidence of her physical condition after her reinstatement and that she did not tell her supervisor that the reason for her delinquencies after her reinstatement was continued physical difficulties. The referee made no finding on the point of whether Ms. Johnson in fact continued to suffer from the infection during the two months after her reinstatement. The referee's discussion suggests that it was the referee's view that having been dismissed and reinstated with warning Ms. Johnson could not thereafter effectively advance her physical condition as a reasonable cause for not complying with the employer's rules. This is clearly not the law. *See Kindrew v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978). We therefore remand the matter to the Board of Review for a finding concerning the issue of whether Ms. Johnson's physical condition caused her to be unable to comply with the employer's rule after her reinstatement.

## ORDER

AND Now, this 3rd day of November, 1980, the order of the Unemployment Compensation Board of Review dated June 26, 1979, denying benefits to Antoinette Johnson, is vacated and the matter remanded for action not inconsistent with the opinion herein.