Delores Kelly, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 12, 1980, before Judges Wilkinson, Jr., Williams, Jr. and Palladino, sitting as a panel of three.

*William F. Bradican,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

Opinion by Judge Wilkinson, Jr., January 22, 1981:

Petitioner (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying benefits because of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The findings of fact, implicitly adopted by the Board's affirmance of the referee's decision, are supported by substantial evidence in the record and thus are binding on this Court. *See McKeever v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 147, 413 A.2d 795 (1980). Quoted in full, they read:

1. The claimant was last employed by St. Joseph's Hospital for one year as a Licensed Practical Nurse at a final rate of $4.35 an hour. Her last day of work was December 22, 1978.

2. The claimant was discharged because she did not report for work on the 3:00 p.m. to 11:30 p.m. shift on Sunday, December 24, 1978.

3. Enclosed with a paycheck which the claimant received on Friday, December 22, 1978 was a written communication from the employer informing the claimant that she would be terminated if she did not comply with hospital policy and report for work as scheduled during the holiday season.

4. The claimant did not wish to work on December 24, 1978 because of a prearranged family celebration.

In determining whether an employee's refusal of an employer's work assignment constitutes willful misconduct, we must balance the reasonableness of the request with the reasonableness of the refusal. *Reed v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 231, 414 A.2d 172 (1980); *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 638, 398 A.2d 236 (1979). The employer here is a hospital running 24 hours a day. A witness for the hospital testified that the patient census was unusually high for that time of year. "[A] hospital may rightfully

expect its employees to carry out their duties. . . ." *Philadelphia Geriatric Center v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 357, 362, 406 A.2d 1177, 1179-80 (1979).[1]

With respect to the reasonableness of claimant's absence on December 24, 1978, claimant cites her informing a hospital official on December 22nd that she would take a vacation day on December 24th, the hospital administrator telling claimant that the hospital would "try to work something out", and two other nurses being told not to report for work on December 25th. We note that the record indicates that the employer's notice of December 22nd was prepared and given to claimant after she voiced her vacation day plan and that the nurse's aid and registered nurse sent home were of classifications different from claimant and had greater seniority. Claimant also emphasizes her reason for having off December 24th, namely, to cook and attend a family dinner. "Although we recognize that certain family obligations provide justification for a refusal to work," *Robertson v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 307, 310, 417 A.2d 293, 294 (1980), we conclude here that "[u]nder all of the circumstances we are unable to disagree with the compensation authorities' conclusion that [claimant] unreasonably refused to perform a reasonable

---

[1] Normally, when any person is employed, he is employed to do a particular task at an assigned time, and at an assigned place. It does not follow that the employer agrees never to modify or change the task, the time, or the place. If the employer should decide to modify or change any of these and the change is reasonable, the employee must abide by the employer's decision at the risk of being ineligible for unemployment compensation if he refuses. *Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974).

duty required by [her] employer and thereby rendered [herself] ineligible to receive benefits." *Wilson v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 3, 5, 388 A.2d 796, 798 (1978).

Accordingly, we will enter the following

ORDER

AND Now, January 22, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-174163, dated July 18, 1979, is affirmed.