Bessie White, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

436

Argued May 8, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Donald Gary Keyser,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 9, 1981:

Claimant, Bessie White, appeals from the adverse determination of the Unemployment Compensation Board of Review (Board) that she is ineligible for unemployment benefits because of willful misconduct, in accordance with Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant last worked as a laundress for Mt. Vernon Inn Motel (employer) for approximately eight years. She was discharged on October 19, 1979 for constantly overloading the washing machine which she used to launder the sheets, towels and bedspreads

for the motel, causing extensive maintenance and repair bills. The record shows that on one occasion the damage to the machine resulted in a repair bill of $1100.00.

Claimant does not dispute the fact that she repeatedly overloaded the machine despite her employer's instructions to the contrary, but contends that she had good cause for doing so. It is claimant's contention that it was necessary to overload the machine in order to get the laundry done in time for the maids to change the beds in the motel on a daily basis.

It is the well settled law of this Commonwealth that generally, an employee's repeated direct refusal to perform an assigned duty or to follow an employer's instructions constitutes willful misconduct. *Russell v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 499, 387 A.2d 1364 (1978). The reasonableness of the employer's directive must be balanced against the reasonableness of the claimant's refusal. *Hughes v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 638, 398 A.2d 236 (1979).[1]

We believe the employer's rule in the instant case, not to overload the machine, in the interest of avoiding damage to the machine and costly repairs, was a reasonable one. On the other hand, claimant's excuse that she could not otherwise get the laundry done in time cannot be deemed to constitute good cause for her deliberate violation of a reasonable employer rule. It would seem, moreover, that the choice between speed and preservation of equipment was for the employer to make, not the claimant. The Board properly concluded, therefore, that claimant's actions rose to the level of willful misconduct.

We affirm.

---

[1] *See Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 87, 351 A.2d 631, 634 (1976).

438

ORDER

AND Now, the 9th day of July, 1981, the Order of the Unemployment Compensation Board of Review, dated February 22, 1980, at Decision No. B-181205, is hereby affirmed.