SKB Photo/Graphics, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 11, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Michael Richman,* with him *Mary Louise Schutz, Steinberg, Greenstein, Gorelick & Price,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Karen Durkin,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, August 12, 1982:

SKB Photo/Graphics, Inc. appeals from an order of the Unemployment Compensation Board of Review granting a claim for benefits to Anthony Taylor. Before his last day of work on October 24, 1980, Mr. Taylor had worked for SKB approximately ten months as an audiovisual production artist.

The facts adduced at a referee's hearing at which the claimant, his supervisor, and SKB's president testified are, except as we shall indicate, undisputed. In September, 1980, Mr. Taylor informed his supervisor that although he had orally agreed when hired to be available for overtime work and, in fact, had been required to work some eighty-three overtime hours during his ten month tenure, he would no longer be able to perform any overtime duties on account of his need to leave work promptly at the close of the normal work day in order to retrieve his two-year-old daughter from a nearby day care center. These arrangements for the care of the child were necessary, the claimant asserted, because his wife had recently taken a job and the most convenient child care facility was located a short distance from the claimant's place of employment with SKB.

The supervisor, following consultation with SKB's president, told Mr. Taylor that his unwillingness to work overtime was unacceptable and would result in his termination. It was then agreed by the claimant and his supervisor that termination would not immediately follow but would be accomplished—and here the exact nature of the agreement is disputed—at such time as, in the claimant's version, he was able to find alternative employment or, in the employer's version, a replacement employee was found. Approximately one month later another person was hired by SKB to perform the claimant's duties and the claimant was discharged. A claim for unemployment compensation benefits was initially denied by the Bureau of Employment Security on the ground that the claimant had voluntarily left his employment without reason of a compelling and necessitous nature. A referee reversed, concluding that the claimant had been discharged but had been guilty of no disqualifying willful misconduct. The Board affirmed the referee's decision.

On this appeal SKB argues that the Board erroneously concluded that the claimant's refusal to perform overtime work was not willful misconduct. Such cases as *Robertson v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 307, 417 A.2d 293 (1980) and *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 638, 398 A.2d 236 (1979) are cited by SKB for the proposition that an unjustified refusal to work overtime is disqualifying willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law.[1] It is not seriously contested that the cases cited, as well as many others, establish this proposi-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

tion. *See Kelly v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 262, 424 A.2d 612 (1981); *Pozeynot v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 455, 403 A.2d 1361 (1979); *Armstrong Unemployment Compensation Case*, 179 Pa. Superior Ct. 488, 118 A.2d 217 (1955). The Board argues, however, that the claimant did not refuse to perform overtime work and that, in any event, his statements to his superior were justified by family circumstances beyond his control. We must reject the first of these contentions. As to the second, we are compelled to remand the record for further proceedings by the Board for findings of facts germane to the disputed issue of whether Taylor's refusal to work overtime, as he had agreed when employed, was reasonable.

We reject the Board's argument, without supporting authority, that the anticipatory or prospective nature of the claimant's refusal to perform overtime work somehow ameliorates his express renunciation of the terms and conditions under which he had been hired by SKB and with which he had in practice observed. In this regard the Board notes that the witnesses for SKB did not testify that at any time following the claimant's refusal and before his last day of employment he was ever directed to perform specified overtime work. The claimant concedes that he agreed to work overtime when hired, that he had in fact performed such duties, and that he was terminated as the direct result of his statements to his supervisor that he would no longer be available for overtime duties. In our judgment, an employee who confronts his employer with a refusal to perform the duties for which which he was hired is guilty of willful misconduct and is not saved by later suggesting that the confrontation with the employer was unnecessary and should be disregarded because the task or

work he refused to perform might not thereafter have been required. Neither, in our view, is the employer required under these circumstances vainly to direct the employee to do that which he has asserted his certain unwillingness to do so as to obtain a refusal which is more "direct" and less "prospective" in nature. No persuasive reason has been offered why we should depart from our holding in *Robertson* that a "blanket refusal to work overtime", clearly operating prospectively and unjustified on the facts of that case, was disqualifying willful misconduct.

The Board further argues that its decision may be sustained because the claimant's refusal was justified by family circumstances beyond his control. The assessment of this contention, of course, requires a balancing of the reasonableness of the employer's request against the reasonableness of the claimant's refusal. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976); *Patterson v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 53, 430 A.2d 1011 (1981). Here the reasonableness of the employer's continuing contractual demand of availability to perform overtime work is not questioned. The Board, it would appear, believed the claimant's refusal to have been reasonable as well. The claimant's own testimony seems to suggest the contrary. When asked why arrangements could not be made for his wife to pick up the child he responds:

well my wife had to go to work for economic reasons and from where she worked she was, there was just no way she could be back there by 5:30. Where I worked it was very convenient.

However, as the employer argues, this response begs the more important question asked: why the arrange-

ments for child care could not have been made at a facility convenient to the claimant's wife's employment if, as seems to be implied, she, unlike her husband, was not required by the terms of her employment to accept overtime duties.

Moreover, the claimant testified at the close of the hearing as follows:

A: Well [my wife] had been hired in this job and it was a job that she wanted to do and it required her to work 9 to 5 and where she is located she just, you know, she would have to take the train, well she would have to come down to the Reading station and take the Reading train down to where this day care center is located and which is where we, near where we live, and there was very little way she could do it by 5:30 and if we were ever beyond that we would have to pay a very high premium on an overtime basis in the day care center which we couldn't afford. We could barely afford to keep the child there in the first place.

This suggests the possibility of compliance, albeit at some cost to the claimant, with the employer's occasional directives to perform overtime duties.

It is well established that the claimant bears the burden of establishing the reasonableness of his noncompliance with the employer's reasonable request and here the evidence that alternative arrangements consistent with compliance, including resort to another facility, transportation of the child by others, or extended hours of child care, could not have been made, is insubstantial to say the least. However, as the Board has made no findings on the issue of justification or reasonableness but has simply sustained the claimant's position, we will remand the record for further proceedings including, at least, the making of findings on that point.

Order vacated. Record remanded for further proceedings.

ORDER

AND Now, this 12th day of August, 1982, the order of the Unemployment Compensation Board of Review is vacated; record remanded for further proceedings consistent with this opinion.