Colonial Beef Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 7, 1982, to President Judge CRUMLISH and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Phillip E. Garber,* with him *Steven J. Insel,* of Counsel: *Wolf, Block, Schorr and Solis-Cohen,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 10, 1982:

Colonial Beef Company (Colonial) appeals from an Unemployment Compensation Board of Review (Board) benefits award to Antoinette Johnson. We reverse.

Johnson had been discharged on January 5, 1979, for habitually violating Colonial's work rules regarding lavatory use. She was reinstated ten days later after producing a doctor's certification that she had suffered from a urinary tract infection in 1970 and after asserting that she was currently undergoing treatment. Notwithstanding Colonial's warning that a reduction of lavatory time was necessary to maintain employment, Johnson continued the excessive

lavatory use. Consequently, she was discharged again and applied for benefits.

The referee denied benefits, concluding that Johnson's continued abuse of Colonial's lavatory policy constituted a deliberate violation of the employer's work rules, to wit, willful misconduct under the unemployment compensation law.[1] On appeal from the Board's affirmance, this Court, in *Johnson v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 469, 422 A.2d 223 (1980), vacated and remanded for a finding as to whether "Johnson's physical condition caused her to be unable to comply with the employer's rules after her reinstatement," that is, from January 15, 1979, until her dismissal on March 12, 1979. *Id.* at 471, 422 A.2d at 224.

On remand, the Board awarded benefits and found that:

7. The claimant was unable to comply with her employer's policy because she had a urinary infection which forced her to make frequent trips to the lavatory.

Colonial argues, *first,* that fact finding number seven was made in capricious disregard of the evidence,[2] and, *second,* that Johnson's failure to seek treatment for the alleged urinary infection constituted willful misconduct.[3]

---

[2] We question the technical propriety of the "capricious disregard of the evidence" argument. Rather, we believe that, in fact, Colonial is contending that finding of fact number seven is *not supported by substantial evidence,* since, as we discuss in the opinion's text, *Johnson* became the burdened party once the employer sustained his initial burden.

[3] Since we dispose of this matter on Colonial's first contention, we need not address the employer's second argument.

It is the employer's burden to prove willful misconduct, *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 293, 398 A.2d 1110, 1111 (1979), which generally can be established by demonstrating that the employee deliberately violated the employer's work rules. *Johnson* at 471, 422 A.2d at 224. The employee, however, can vitiate a willful misconduct charge by showing that his failure to comply with the rule was justifiable and reasonable under the circumstances. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). Where, as here, the employer has sustained his burden, the burden then shifts to the employee to show that he had good cause for the infraction, *see Atkinson v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 535, 538, 434 A.2d 850, 852 (1981), a burden which Johnson bore to the Board's satisfaction. Since the burdened party prevailed below, our scope of review is limited to questions of law and a determination of whether the Board's findings are supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 604, 605, 423 A.2d 430, 431 (1980).

We conclude that fact finding number seven is *not* supported by substantial evidence.[4] The physician's certification, submitted at the remand hearing, provided in pertinent part that:

> [Johnson] was under my care in 1970 for a urinary tract infection. . . . She was seen again by me on January 15, 1979 for urinary frequency and urgency (unable to hold water) for

---

[4] "Substantial evidence" is that evidence which a reasonable mind might accept as adequate to support a finding of the Board. *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 157, 333 A.2d 815, 819 (1975).

six months duration. *At that time her physical examination and blood sugar was* [*sic*] *normal.* The patient was to return at a later date for a urinalysis.[5] (Emphasis added.)

The only medical evidence contained in this certification is that Johnson had suffered from a urinary tract infection in 1970, *nine years prior to her dismissal.* The physician further noted that Johnson's physical condition on January 15, 1979, was *normal.* This letter then quite clearly and simply states that Johnson complained to the physician of urinary problems, that an initial examination revealed no disorder, and that Johnson was told to return for further testing.[6]

We remanded originally so that the Board could resolve the issue of whether Johnson's physical condition caused her to violate the lavatory use rule *after her reinstatement. Johnson* at 471, 422 A.2d at 224. Johnson clearly has failed to prove a urinary infection for this time period, hence, she has failed to show good cause.

Reversed.

ORDER

The Unemployment Compensation Board of Review order, No. B-173530-B dated February 26, 1982, is reversed.

AMENDING ORDER

Now, September 16, 1982, the Order dated September 10, 1982, in the above captioned case is amended to read as follows:

---

5 Johnson never returned for further testing.

6 The only other supporting evidence was Johnson's self-serving, non-expert opinion that she had an infection. This testimony clearly does not qualify as competent medical evidence.

The Unemployment Compensation Board of Review order, No. B-173530-B dated February 26, 1981, is reversed.