Michael L. Stauffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

570

*Leon Ehrlich,* for petitioner.

*James Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 4, 1983:

This is an appeal by Michael L. Stauffer (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of unemployment compensation benefits. The Board's denial was pursuant to Section 402(e) of the Unemployment Compensation Law, (Law)[1], the "willful misconduct" clause.

Claimant was employed as a forklift operator by Nissin Foods (Employer). He normally worked the first shift although in August, 1980, he spent several weeks on the second shift as a substitute for another employee. In September, 1980, Claimant was one of two employees requested to work the second shift because of Employer's need for someone with Claimant's skills on that shift and the need to create vacancies on the first shift so as to enable Employer to train other

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

employees. Claimant's assignment was made on the basis of seniority. After initially agreeing to the new assignment, Claimant indicated that, because of his fear that the assignment might become permanent and his desire not to work those hours, it was unacceptable. Claimant was subsequently discharged for his refusal to work the second shift. Following a hearing to determine Claimant's eligibility for unemployment compensation, a referee denied benefits. On appeal, the Board affirmed, holding that Claimant's refusal to accept an assignment to the second shift constituted "willful misconduct." The appeal to this Court followed.

The burden of establishing that an employee was discharged for "willful misconduct" such that will render him ineligible for unemployment compensation is on the employer. *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Whether certain conduct constitutes "willful misconduct" under the Law is a question of law subject to this Court's review. *Nolan v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 186, 425 A.2d 1203 (1981). An employee's conduct will not be deemed to be disqualifying "willful misconduct" if there was good cause for his actions. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

Before this Court, Claimant asserts that the Board's decision was in error as a matter of law because it was based on a finding that Claimant had been told his assignment to the second shift would be temporary and that there was no substantial evidence to support such a finding. We disagree. Ample testimony was presented to establish that Claimant was told that his assignment, while indeterminate in

length, was temporary. Moreover, even if there was not substantial evidence to support such a finding, an employer has the right to implement a new work schedule and, if reasonable, the employee's failure to abide by it is willful misconduct unless the employee establishes reasonable grounds for his actions. *Reed v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 231, 414 A.2d 172 (1980). In the case at bar, Claimant has contended neither that Employer's assigning of him to the second shift was unreasonable nor that he had any cause for not abiding by Employer's assignment other than his own likes and desires. Claimant's personal preferences are wholly inadequate as justification for his conduct and we must affirm the Board's denial of benefits. *DiGiovanni v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 605, 404 A.2d 449 (1979); *see Hostovich v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 344, 414 A.2d 733 (1980).

ORDER

Now, February 4, 1983, the decision of the Unemployment Compensation Board of Review in the above captioned matter, No. B-195588, dated May 28, 1981, is hereby affirmed.