Helen L. Sampson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Neil Leibman,* for petitioner.

*William Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 9, 1983:

Helen L. Sampson, discharged by Broadcast Enterprises National, Inc. from the position of financial assistant, appeals a benefits denial by the Unemployment Compensation Board of Review, which affirmed a referee's conclusion that her refusal to work overtime constituted willful misconduct under section 402 (e) of the Unemployment Compensation Law.[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

In the morning of January 2, 1981, a Friday, the claimant's supervisor told her that she would be needed to work on a special project. After lunch that day, in response to the claimant's inquiry, the supervisor told the claimant that she could not begin work presently, but would have to take the work home with her that weekend. The claimant said that she would be unable to take any work home, because of previous commitments she had for the weekend.

At 4:00 p.m. that day, the company held a meeting with all of the employees who were to work on the project; the claimant did not attend. At 4:15 p.m., the company's vice-president emerged from the meeting, and asked the claimant why she did not attend, and the claimant explained that her supervisor, evidently assuming that the claimant was not going to do the work, had not asked her to attend. The claimant explained to the vice-president that she did not refuse to do the work, but that she had an emergency situation to attend to, and that she would be out of town over the weekend. The claimant then offered to come to work early Monday, before working hours, to complete the project. The vice-president did not accept that offer, and indicated that he had to speak to the company president. At 5:00 p.m. that afternoon, the claimant was called into her supervisor's office and fired, although she was never warned that her refusal to work over the weekend would result in her termination.

The employer has the burden of proving that he discharged a claimant because of willful misconduct, *Zuraw v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 548, 434 A.2d 1312 (1981). In determining whether an employee's refusal of an employer's work assignment constitutes willful misconduct, we must balance the reasonableness of the request with the reasonableness of the refusal. *Kelly*

*v. Unemployment Compensation Board of Review*, 56
Pa. Commonwealth Ct. 262, 424 A.2d 612 (1981).

In determining the reasonableness of the em-
ployer's request, the referee relied on the following
findings of fact:

7. The work involved was of such importance
to the company that the president offered the
services of his wife to assist in the completion
of the project and thereby ease the load on
others.

. . . .

9. The average amount of time anticipated to
be spent by each employee on the weekend work
was 3-hours.
10. The average time actually spent by each
employee was 1 1/2 hours.

In ascertaining the reasonableness of the claim-
ant's excuse, the referee found:

8. Claimant's prior commitment was to travel
to Altoona, Pa., with relatives on Saturday
morning to visit with a relative, who was to
undergo an operation, to return home that Sun-
day night.[2]

In balancing these concerns, the referee said:

In the instant case, the claimant was requested
to assist the company in a critical situation by
taking work home to complete over the week-
end, but refused to do so; a chore which was
expected to take about 3-hours to accomplish
but which actually took 1 1/2 hours. Under

_____

[2] Although the referee found that the claimant intended to visit
a relative "who was to undergo an operation," a review of the testi-
mony indicates that the claimant intended to visit her mother-in-
law who had an operation two weeks earlier, but remained seriously
ill.

these circumstances, claimant's refusal was unreasonable. Even if claimant did have a prior commitment, she could have completed the work and still have satisfied her commitment.

However, in reaching this conclusion, the referee did not make findings regarding whether the employer had told the claimant that the work was expected to take three hours, or that the claimant would be fired if she refused to do the work. Furthermore, the conclusion that the employer's request was reasonable because the work ultimately took only one-and-a-half hours relies on facts that are known only through hindsight.

The determination of whether the employer's request or the employee's refusal was reasonable requires more specific findings. For instance, we note that a one-time refusal to work overtime differs from a situation where an employee makes a blanket refusal to work overtime, see *SKB Photo/Graphics, Inc. v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 260, 449 A.2d 74 (1982); *Robertson v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 307, 417 A.2d 293 (1980), or where an employee refuses to work overtime, although, at the time he or she was hired, he or she agreed to be available for overtime work. *See Pozeynot v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 455, 403 A.2d 1361 (1979); *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 638, 398 A.2d 236 (1979). Also, an employer's issuance of a warning to an employee that he will be fired if he refuses to work overtime can be significant. *See, e.g., Kelly* and *Robertson*. In addition, the seriousness of the claimant's basis for refusal is relevant. *See, e.g., Unemployment Compensation Board of Review v.*

*Kells,* 22 Pa. Commonwealth Ct. 479, 481, 349 A.2d 511, 513 (1975) ("An absence from work with notice to the employer that the employee was required to attend to an injured relative hospitalized in an emergency situation constitutes sufficient justification for not reporting to work").

Therefore, we must remand this case in order that the board or referee make the new findings needed to support new conclusions as to whether or not the employer's request and the claimant's refusal were reasonable.

## ORDER

Now, May 9, 1983, the order of the Unemployment Compensation Board of Review, decision No. B-196828, dated July 7, 1981, is remanded for additional findings of fact and conclusions of law relevant to the willful misconduct test discussed herein. Jurisdiction relinquished.