Manatawny Manor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Joseph W. Lonergan*, with him *Arthur L. Jenkins, Jr.*, and *Smith, Aker, Grossman, Hollinger & Jenkins*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Gerald Gornish*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, May 16, 1979:

Manatawny Manor (Manatawny), a nursing home enterprise, has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's order awarding benefits to Carla Jane Simcox.

On January 3, 1978, Manatawny discharged Ms. Simcox from her employment as a nurse's aide for excessive absenteeism. Ms. Simcox applied for unemployment compensation benefits and the Bureau of Employment Security denied the application on the ground that Ms. Simcox's discharge was for willful misconduct as provided in Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). A referee, after hearing, found that Ms. Simcox had reported all her absences as illnesses to her employer and that Manatawny had not required her to produce doctors' certificates. The referee granted benefits and the Board affirmed.

Manatawny says that Ms. Simcox's absences amounted to willful misconduct because they continued despite warnings by Manatawny. We disagree. Ex-

cessive absences because of illness do not constitute willful misconduct when the employee gives adequate notice of the absences to her employer. *Unemployment Compensation Appeal Board v. Blouse*, 23 Pa. Commonwealth Ct. 66, 350 A.2d 220 (1976). Manatawny's own witness testified that Ms. Simcox had reported each of her absences[1] and that they were all for medical reasons. This testimony clearly supports the decision.

Order affirmed.

ORDER

AND Now, this 16th day of May, 1979, the order of the Unemployment Compensation Board of Review is affirmed.

---

[1] Ms. Simcox received notice on December 26, 1977 that she would be discharged effective January 3, 1978. She was absent the last three days of that period without reporting to Manatawny.