Shirley A. Fitzgerald, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Timothy P. Wiles,* with him *Paul W. Tressler,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 6, 1980:

Shirley A. Fitzgerald has appealed from an order of the Unemployment Compensation Board of Review (Board) declaring her ineligible for benefits by reason of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

During her later years with American Olean, the claimant compiled an impressive record of absences; in 1975, 36 days; in 1976, 56 days; in 1977, 106 days. In 1978, until her discharge in April, she was absent 24 of the 64 work days. From 1967 and until the date of her discharge her employer repeatedly warned that both her absences as well as occasions of lateness violated its rules.

The claimant says that most if not all of her admittedly substantial numbers of absences were for medical reasons and therefore excusable; that she sometimes notified her employer in advance of her unavailability to report to work.

The record discloses that the claimant was absent many times for causes other than her own illness, including for so-called personal reasons, the illness of family members.

We have held that continued excessive absence (or lateness) in the face of warnings by the employer constitutes willful misconduct within the meaning of Section 402(e) of the Law. *Woodson v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973). This is the situation in the instant case. Moreover, on three occasions prior to her discharge, claimant directly violated company rules by not giving notice of an absence prior to starting time. This was clearly willful misconduct, *Horan v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 194, 300 A.2d 308 (1973), although employer chose to forego its right to discharge her on these occasions.

In short, the elements showing willful misconduct by reason of absence stated in *Pettey v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974), are present here, to wit, (1) Excessive absences, (2) failure to notify the employer in advance of the absence, (3) lack of good or adequate cause for the absence, (4) disobedience of existing company rules, regulation or policy with regard to absenteeism, (5) disregard of warnings regarding absenteeism.

Order affirmed.

## ORDER

AND Now, this 6th day of March, 1980, the order of the Unemployment Compensation Board of Review entered August 18, 1978 is affirmed.

President Judge BOWMAN did not participate in the decision in this case.