Jamar Crowder, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Norma Chase,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 7, 1981:

The claimant[1] appeals here from an order of the Unemployment Compensation Board of Review affirming a referee's decision that he was ineligible for unemployment compensation benefits because he had been discharged from his employment for willful misconduct.[2]

The claimant was employed as a bricklayer helper by the United States Steel Corporation (employer), and on December 2, 1975, he was treated by the employer's physician for back pains. The physician advised the claimant to seek help from his personal physician and the claimant's ensuing absence from work on December 3, 1975, was reported to the employer by the employer's physician. On December 4, 5, 6 and 7, 1975, however, the claimant did not report for work nor did he notify the employer of his absence. The employer informed the claimant that, due to his failure to report his four-day absence, he was discharged.[3] The Office of Employment Security determined that the discharge was for willful misconduct

---

[1] Jamar Crowder.

[2] Pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[3] The Board also found that the claimant was incarcerated on December 8, 1975 and that no notification was given to the employer. The incarceration was not an issue at the referee's hearing, and the Board did not rely on it for its denial of benefits. The parties do not raise any issue concerning the incarceration in this appeal.

and denied benefits. After a hearing, a referee affirmed the Office's determination and the referee's decision was later affirmed by the Board. The claimant argues here that, in the absence of a finding by the Board that the employer had a rule requiring daily notification of absences, the claimant's conduct did not constitute willful misconduct. We agree.

The Board's relevant findings are as follows:

2. On December 3, 1975, the claimant reported to the employer's dispensary and was advised to see his personal physician.

3. The claimant's absence from work on December 3 was reported to his supervisor by the company physician.

4. The claimant did not report for work on December 4, 5, 6 and 7, 1975, and did not report off to the employer.

. . .

6. On June 7, 1976, the claimant received a five-day suspension with notice that his suspension may be converted to a discharge, and on June 11, 1976, the claimant was discharged for his failure to report off to the employer on the days which he was absent in December, 1975.

Although the Board did not list it as a "finding of fact", the Board also stated in its discussion that "[t]he claimant was discharged due to his failure to properly notify his employer of his absences on December 4, 5, 6 and 7, 1975. . . . [S]uch conduct constitutes willful misconduct in connection with his work." The order of the Board, therefore, rests on the conclusion that the claimant's four-day absence constituted willful misconduct as a matter of law.

Willful misconduct which will disqualify a discharged employee from the receipt of benefits is generally defined in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Re-*

*view,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973), and clearly includes excessive absenteeism. *Hinkle v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973). We have also held, however, that absences due to illness do not constitute willful misconduct unless the employee fails to provide the employer with adequate notice of such absences. *Manatawny Manor v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 598, 401 A.2d 424 (1979); *Unemployment Compensation Board of Review v. Kells,* 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975). In the present case, the Board found that the employer did receive notice of the claimant's health-related absence on December 3, 1975. And, without a finding by the Board that the employer's rules required further reporting or a more definite or more specific form of notice than the claimant afforded in this case, we must conclude that there has been no showing of willful misconduct. *See Collins v. Unemployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 538, 360 A.2d 760 (1976); *Unemployment Compensation Board of Review v. Schmid,* 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975); *Rosenhoover v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 455, 303 A.2d 578 (1973). And there has been no such evidence presented here.

The Board argues in its brief that the employer did, in fact, have a rule requiring daily notice of absences, and that the claimant's failure to follow this rule constituted willful misconduct. Suffice it to say that the Board made no such finding, and we cannot presume from an absence of a finding on a given point that the matter was resolved in favor of the prevailing party. *Kostek v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 271, 392 A.2d

909 (1978); *Unemployment Compensation Board of Review v. Kells, supra.*

Because the Board failed to make findings of fact on the crucial issue of the employer's regulations, and because conflicting evidence was presented concerning the existence of regulations, the record must be returned to the Board for such findings. *Unemployment Compensation Board of Review v. Crilly,* 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976).

### ORDER

AND Now, this 7th day of April, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is reversed and remanded with the direction that the Board make findings as required by the above opinion and with the further direction that the Board may, but need not, conduct an additional hearing or hearings for such purpose.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.