Tri Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Richard B. McDonald*, with him *Donald F. Krank, Krank, Gross & Casper*, for petitioner.

*Charles G. Hasson*, Associate Counsel, with him *Richard Wagner*, Counsel, and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, July 31, 1981:

The Tri Corporation (Corporation) appeals here from an order of the Unemployment Compensation Board of Review granting unemployment compensation benefits to Paul Van Aulen (claimant), one of its employees.

The claimant had worked for the Corporation for three months as an assembler when, on May 4, 1979, he became ill with what appeared to be laryngitis. One of his friends notified the Corporation that the claimant would be absent that day, and, on May 7, 1979, he reported to a hospital and was advised by a physician that his condition could render him unable to work for an extended period of time. He called his supervisor that day and explained that he

would be absent until his condition improved. He returned to work on May 18, 1979, and was informed by his supervisor then that his employment had been terminated.

The Office of Employment Security denied benefits and this determination was upheld by the referee. Upon appeal, the Board reversed and granted benefits. The Corporation contends here, however, that the claimant's absence from work was unreasonably long and constituted either a voluntary termination[1] of his employment or willful misconduct,[2] in either case making him ineligible for benefits. The Corporation does not dispute the factual validity of the Board's findings.

It is well settled that if the employee provides insufficient notice to the employer concerning the absence an employee's absence from work for an extended period of time due to illness may constitute a voluntary termination of employment. *Wing v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 103, 426 A.2d 198 (1981). The Board found here, however, that the employee did notify the employer of his expected absence and the reason for it. In addition, the two week leave he took after such notice does not constitute willful misconduct. *Crowder v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 332, 427 A.2d 765 (1981); *Manatawny Manor v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 598, 401 A.2d 424 (1979).

We will therefore affirm the Board's order granting benefits.

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

[2] Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

ORDER

AND Now, this 31st day of July, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.