Lawrence E. Harmon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 17, 1981, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*John McCrea, III, McCrea & Davis,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 21, 1982:

Lawrence E. Harmon has appealed from an order of the Unemployment Compensation Board of Review declaring him ineligible for benefits by reason of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

During the period of 1976-1978 when he was employed as an abrasive wheel molder for SGL Abrasives, the claimant compiled the following record of absenteeism: 199.1 hours in 1976, 128.8 hours in 1977, and 114.2 hours in 1978. On a number of occasions, the claimant was absent from work without notifying his employer. The claimant had also been warned by his employer and disciplined numerous times for his absences from work without notice.

The claimant admits that he was having an "attendance problem" which he attributed to a number of factors, including the fact that because he had numerous Sunday night jobs with a musical group of which he was a member, he missed "a lot of Mondays" of work. The claimant also attributed his absences to a "muscle pull" and "congested lungs." He was unable to specify which absences were necessitated by

which of these conditions and did not produce any medical evidence of these physical ailments.

We have held that continued excessive absenteeism, especially in the face of the warnings by the employer, constitutes willful misconduct within the meaning of Section 402(e) of the Law. *Fitzgerald v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 629, 411 A.2d 899 (1980), *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975). This is the situation in the instant case. While some of the absences may have been attributable to the claimant's medical condition and therefore would not constitute willful misconduct, *TRI Corporation v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 197, 432 A.2d 1158 (1981), there is substantial evidence in the record in the form of the claimant's own testimony to support the Board's finding that the claimant's absences were primarily caused by the fact that he played in a musical group that worked night jobs. In addition, the testimony of the employer's assistant personnel manager supports the Board's finding that the claimant failed to give notice of a number of his absences to the employer and that he was warned and disciplined because of this.

In short, the elements showing willful misconduct by reason of absence stated in *Pettey v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974), are present here, to wit, (1) excessive absences, (2) failure to notify the employer in advance of the absence, (3) lack of good or adequate cause for the absence, (4) disobedience of existing company rules, regulation or policy with regard to absenteeism, and (5) disregard of warnings regarding absenteeism.

Order affirmed.

224

## ORDER

AND Now, this 21st day of January, 1982, the order of the Unemployment Compensation Board of Review is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.