Atlantic Richfield Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Alan A. Symonette,* with him *Howard K. Trubman,* for petitioner.

*Richard C. Lengler,* Associate Counsel, with him *Michael D. Klein,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, February 26, 1982:

Atlantic Richfield Company (Atlantic) has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's order awarding benefits to Robert G. McFall.

On July 22, 1980, Atlantic discharged the claimant from his employment as an asphalt operator for excessive absenteeism. During the year of 1980, the claimant had a record of eleven days of absenteeism. The claimant applied for unemployment compensation benefits and the Office of Employment Security denied the application on the ground that the claimant's discharge was for willful misconduct. 43 P.S. §802 (e). The referee, after a hearing at which only the claimant testified, found that the claimant gave proper notice to the employer in the case of each of the eleven days he was absent during 1980.

Atlantic says that the claimant's absences constituted willful misconduct because although properly and truthfully reported, they continued after warnings by Atlantic. This is not the law. Absenteeism may justify the discharge of an employee, but standing alone it is not willful misconduct rendering the employee ineligible for unemployment compensation; only if absences are unjustified, or not properly reported are they disqualifying. *Pauline v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 267, 423 A.2d 55 (1980). All of the claimant's absences here were properly reported and were attributable either to illness or transportation difficulties, and therefore did not constitute willfull misconduct. *See*, for example, *Spicer v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 272, 407 A.2d 929 (1979) (transportation difficulties); *Manatawny Manor v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 598, 401 A.2d 424 (1979) (illness).

*Nyzio v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 600, 364 A.2d 981 (1976), upon which Atlantic relies, is distinguishable. It is true that there it was decided the claimant was ineligible for benefits due to excessive tardiness and

absenteeism after warnings. But there was not in that case proof of notice to the employer as there is here.

Finally, Atlantic argues that the Board's decision is wrong because no finding was made as to whether the claimant's properly reported absence on July 13, 1980, when he had transportation difficulties, was in violation of its absence control policy. Of course the burden of establishing that a petitioner is ineligible for unemployment compensation benefits because of willful misconduct is on the employer. Atlantic provided no description of its alleged policy, much less evidence that the claimant should have known of it.

Order affirmed.

ORDER

AND NOW, this 26th day of February, 1982, the order of the Unemployment Compensation Board of Review is affirmed.