Ronald Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 4, 1984, to Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

*Terry L. Fromson,* with him, *Fernando Chang-Muy,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, August 29, 1984:

Ronald Taylor (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of a referee denying him benefits on the basis of willful misconduct.[1] For the following reasons, we reverse and remand.

The referee made the following pertinent findings of fact which were adopted by the Board:

1. Claimant was last employed by Jefferson University Hospital [Employer] as a custodial worker from March 17, 1981 until October 12, 1982.

---

[1] Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) provides, in pertinent part, as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

2. During the course of his employment, claimant was warned concerning excessive absences.

3. Claimant was advised by the director of the need to call in prior to the start of the work shift (beginning 6 A.M.) when notifying foreman of intended absence.

4. The need for notification prior to start of work shift was again stressed by the director to the claimant on March 29, 1982.

7. Claimant called in after the start of the work shift (6:05 A.M.) on October 11, 1982 and advised foreman he had to go to traffic court.

8. When claimant got to traffic Court, he found it closed, because it was Columbus Day; claimant did not return to work.

9. Claimant was terminated by employer.

The Office of Employment Security determined that the discharge was for willful misconduct and denied benefits. After a hearing, the referee affirmed the Office's determination and the referee's decision was later affirmed by the Board.

Initially we note that in an unemployment compensation case where the party with the burden of proof prevails below, our scope of review is limited to determining whether an error of law has been committed and whether substantial evidence supports the necessary findings of fact. *James v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 230, 429 A.2d 782 (1981).

Whether or not a claimant's conduct rises to the level of willful misconduct is a question of law, and subject to our review. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of*

*Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). The Pennsylvania Supreme Court has defined the term "willful misconduct" as:

> An act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976). It is well settled that many absences where justified and properly reported, while a legitimate basis for discharge, does not disqualify a claimant from receiving unemployment compensation benefits. *Penn Photomounts, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980).

Our review of the record indicates that according to the Employer's records, Claimant was absent six days during his last six months of employment, including the October 11, 1982 absence which resulted in his discharge. Of these six absences, five were properly reported and attributable to illness. Claimant testified that the absences for which he had received both a warning and a three day suspension in 1981 were also attributable to illness.[2] If, as the record suggests, Claimant was terminated for excessive absenteeism during his employment, the fact that a majority of these absences appear to have been attributable to illness would certainly militate against a con-

---

[2] Claimant testified that most of his absences in 1981 were because of his undergoing an operation for a damaged ear. The Employer made no effort to rebut this testimony.

clusion of willful misconduct. If, on the other hand, Claimant was terminated solely for his unexcused absence on October 11, which is also suggested by the record, then Claimant's conduct may constitute willful misconduct.[3]

The problem in this case is that the referee made no findings on the reason for Claimant's discharge. The referee also made no findings on the issue of good cause raised by Claimant concerning those absences in 1981 for which he had received warnings. In an unemployment compensation case, the referee's findings of fact must include all findings necessary to resolve issues raised by the evidence and which are relevant to a decision. *Wheeler v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982). We cannot presume from an absence of a finding on a given point that the matter was resolved in favor of the prevailing party. *Crowder v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 332, 427 A.2d 765 (1981).

Because findings on issues crucial to our determination in this case were not made, we reverse the order of the Board and remand for further proceedings consistent with this opinion.

### ORDER

AND Now, August 29, 1984, the order of the Unemployment Compensation Board of Review, No. B-216723, is reversed and the case is remanded to the Board for findings and a decision consistent with the foregoing opinion.

Jurisdiction relinquished.

---

[3] Although Claimant failed to report his absence on October 11, 1982, prior to the start of his shift and had previously received a warning in this regard, there is no indication in the record that Claimant was discharged for this reason.