Randy Schlappich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 17, 1984, to Judges ROGERS and CRAIG, and Senior Judge BARBIERI, sitting as a panel of three.

*Louis M. Shucker,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, December 20, 1984:

Randy Schlappich, Claimant, appeals here the action of the Unemployment Compensation Board of Review in sustaining a referee's denial of benefits to Claimant under the provisions of Section 402(e) of the Unemployment Compensation Law (Law),[1] for willful misconduct connected with his work.

Claimant was employed as a truck driver by Alco Standard Corp. (Wyomissing Corp.), Employer, for ten months, and last worked on June 16, 1981, when he became disabled from an injury which he reported at 10:30 A.M. during his regular shift. He reported this as a work injury, but was turned down for Workmen's Compensation, apparently by the Employer's carrier, whereupon pursuant to company policy he was paid disability benefits at the rate of $70 per week and placed on disability leave until September 26, 1981. The referee made the following findings:

5. The claimant, from June 16, 1981 through September 26, 1981 was on a disability leave and received weekly benefits in the amount of $70 which was paid in accordance with the employer's policy.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(e).

6. While recuperating as a result of his injury of June 16, 1981 the claimant drove his motorcycle and became involved in an accident on July 26, 1981 and as a result received a broken wrist which was placed in a cast.

7. The claimant did not report to the employer until August 12, 1981 at which time he claimed he had reinjured his same hand on July 26, 1981 in a motorcycle accident, could not work, and filed another claim for benefits under the employer's program, entitling the claimant to an additional 26 weeks of benefits, should he be required to remain off the job for that length of time.

8. The employer had not received any word from the claimant following his visit of August 12, 1981 until sometime during the week ending September 25, 1981 at which time the claimant stated he would be able to return to work September 28, 1981.

9. On September 23, 1981 the employer discharged the claimant, notifying him by letter that he was discharged because of his excessive absenteeism record and his lack of responsibility to the employer in returning to work while recuperating from an illness and becoming involved in another accident requiring the claimant to remain off the job which the employer considered as negligent on the part of the claimant.

The referee, in denying benefits, thereby reversing the Office of Employment Security (OES), gave as her reason:

The claimant's action was a breach of duty owed to the employer and was an act so inimical to the employer's best interests that a discharge was a natural result. Accordingly, the claimant is disqualified from receiving benefits under the provisions of Section 402(e) of the Law.

Our review of the record indicates that most of the facts in the above quoted findings are supported by substantial evidence, yet we find unclear what specific act was so "inimical to the employer's best interests that discharge was the natural result." Claimant's discharge letter of September 23, 1981, contains the following statement:

Again on July 26, 1981 while you were on disability and this company was paying you $70.00/week for staying home and recuperating, you were involved in another accident due to your negligence.

First of all, there is no evidence in the record nor is there a finding that there was negligence in Claimant's injury or re-injury which took place on July 26, 1981. While negligence which manifests culpability may constitute willful misconduct, *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1978), it is Claimant's contention that a motorcycle accident which occurred while Claimant was not working, does not constitute negligence manifesting culpability which would constitute "willful misconduct connected with his work."[2] We agree. Also, it is apparent that Claimant was continued on benefits under the Employer's disability program and, as found by the referee, was carried on "disability leave" for an additional twenty-six weeks after the Employer received notice on August 12, 1981, of Claimant's re-injury of his hand on July 26, 1981. It is quite true, of course, as Claimant argues that while the Employer has the prerogative to discharge anyone he considers to be an unsatisfactory employee, such a discharge does not mandate a finding of in-

---

[2] *Id.*

476

eligibility for Unemployment Compensation benefits, where the discharge is for absences which are for a good cause, such as illness, and which are properly reported, since such absences cannot constitute willful misconduct. *Manatawny Manor v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 598, 401 A.2d 424 (1979).

It is, of course, firmly established that the employer has the burden of proving that his dismissal of an employee is due to disqualifying willful misconduct. *Bruce v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 266, 450 A.2d 1083 (1982); *Sun Shipbuilding & Dry Dock Co. v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 275, 385 A.2d 1047 (1978). And while he have held that continued and excessive absenteeism, especially in the face of warnings by the employer, may constitute willful misconduct within the meaning of Section 402(e) of the Law, *Harmon v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 221, 439 A.2d 900 (1982); *Fitzgerald v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 629, 411 A.2d 899 (1980); *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975), we have also held *Atlantic Richfield Company v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 65, 441 A.2d 516 (1981) that absenteeism is not disqualifying willful misconduct unless the absences are unjustified or not properly reported, *Atlantic Richfield Company v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 65, 441 A.2d 516 (1981).

Here, while Claimant had many absences, apparently due to an asthma condition which was noted on his initial job application, all of these absences prior

to June 16, 1981, were reported and only one was recorded as "unexcused." Indeed, there appears to be no contention that the absences involved were not reported, including those on June 16 and June 26, 1981, and the latter injury was verified by the Employer's own physician on August 12, 1981.[3]

Finally, Claimant urges that his discharge was in violation of the Employer's own rules regarding absenteeism and tardiness, pointing out that the Employer had promulgated elaborate shop rules on absenteeism and tardiness, a "Point System for Absenteeism and Tardiness," and that the Employer submitted a "Contact Report" dated June 15, 1981, indicating that while discharge would only have been justified on an accumulation of 18 points, the Claimant here had accumulated only 13 1/2 points as of June 15, 1981, and could only be charged with one additional point for the continuous absences after June 15, 1981, or a total of 14 1/2 points, which, under the Employer's Point System would have been insufficient for a suspension of three days without pay, the penalty for a total of 15 points; and that if the two injuries and recuperation periods were each assigned a point, Claimant would still have had only 15 1/2 points which would only call for suspension and not a termination.

Under all of the circumstances, therefore, since we are unable to find disqualifying willful misconduct that would justify dismissal under the provisions of Section 402(e) of the Law, we must reverse.

ORDER

Now, December 20, 1984, the decision of the Unemployment Compensation Board of Review, at No. B-203333, dated February 10, 1982, is reversed and the case is remanded for computation of benefits.

---

[3] Footnote 1, Claimant's brief, page 13.