Paul T. BARNUM, Appellant
(Claimant Below),

v.

REVIEW BOARD OF INDIANA EM-
PLOYMENT SECURITY DIVISION,
David L. Adams and Paul M. Hutson,
as Members of and as constituting the
Review Board of the Indiana Employ-
ment Security Division, and Jeffboat,
Incorporated, Appellees.

No. 2-185A30.

Court of Appeals of Indiana,
Third District.

June 12, 1985.

Alton D. Priddy, Hardy, Logan & Priddy,
New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Michael
Gene Worden, Deputy Atty. Gen., Indi-

anapolis, for appellee Review Bd. of Indiana Employment Sec. Div.

Norman L. Roelke, Jeffersonville, for appellee Jeffboat, Inc.

HOFFMAN, Judge.

Claimant-appellant Paul T. Barnum appeals the decision of the Indiana Employment Security Division Review Board (Board) which reversed a referee's unemployment compensation award. Barnum contends that he did not refuse an offer of suitable employment within the meaning of IND. CODE § 22-4-15-2(2).[1] Specifically, Barnum argues that he was never offered employment.

The evidence relevant to this appeal shows that Barnum was employed at Jeffboat, Inc., as a truck driver at the time of his layoff on December 9, 1983. Layoff and recall procedures for employees of Jeffboat were governed by a collective bargaining agreement.

Pursuant to the agreement, a form designated as a "Jeffboat Choice Form" must be completed by employees when a layoff appears imminent. The form requires the employee to choose among a reduction in classification, transfer to a former unit, a position of laborer or layoff "in the event of a reduction in force of [the] seniority unit." The form neither guarantees that the employee's choice will be honored, nor informs the employee that he will definitely be affected by the layoff. Barnum completed a "Jeffboat Choice Form" on December 5, 1983 and marked a preference for layoff.

The record reflects that on December 7, 1983, a foreman delivered a notice to Barnum that at the end of his shift on December 9, 1983, he would be laid off. Along with the layoff notice, Barnum was given a "Recall Choice Form." This form required Barnum to choose between recall to any occupation for which he would qualify, or recall only to the classification he held at the time of the layoff. Barnum chose the

latter in order to preserve the truck driver position to which he was assigned at the time.

No other communications between Jeffboat and Barnum relative to the layoff are apparent from the record.

The issues on appeal are whether the "Jeffboat Choice Form" can be construed as an offer of employment; and if so, did Barnum refuse an offer of suitable employment without good cause. Due to this Court's determination that no offer of employment existed, the second issue need not be addressed.

In reversing the referee's decision that Barnum was eligible to receive unemployment compensation, the Board determined:

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant, on December 9, 1983, refused an offer of employment from this sole base period employer which was under the same terms and conditions under which he was previously employed and that the difference of $.53 per hour reduction in wage was not substantial taking into consideration that the offer of work was within claimant's prior training and experience.

It further finds that although claimant was allowed to accept voluntary layoff permissible under a labor contract agreement for the purpose and intent of the Act, an individual who refused to accept available, suitable work under the circumstances cited in this case is ineligible for benefits."

▪ When reviewing a Board decision, this Court may not refer to the findings and conclusions of the referee, for the reason that the Board is not bound by the referee's determinations. *Ervin v. Rev. Bd. et al.* (1977), 173 Ind.App. 592, 364. N.E.2d 1189. Upon review of the evidence most favorable to the Board's decision, this Court may only disturb the Board's findings if reasonable persons would be bound to reach a different result based upon that

---

1. IND. CODE § 22-4-15-2(2) mandates the denial of benefits to any claimant who fails without good cause "to accept, at any time after he is notified of a separation, suitable work when found for and offered to him by the director, ... or an employment unit[.]"

evidence. *Love v. Heritage House Convalescent Center* (1983), Ind.App., 463 N.E.2d 478.

There exists in Indiana, a paucity of case law regarding the components of and requirement for an offer in an unemployment compensation context. Consequently, general principles of law relating to an offer are instructive.

The Restatement (Second) of Contracts § 24 at 71 defines an offer as:

"[T]he manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his consent to that bargain is invited and will conclude it."

Jeffboat and the Board allege that the "Jeffboat Choice Form" constitues an offer of suitable employment. The evidence most favorable to the Board's decision shows that prior to any notice that he would be laid off, Barnum completed the form by demonstrating a preference for layoff, as opposed to a reduction in classification, transfer to another unit or a laborer's position, in the event of a reduction in force.

■ The form does not meet the minimum definitional requirements for an offer. Even if the choices presented on the form are construed as an invitation to consent to a different job position, Barnum's consent to an alternate position would not have concluded the arrangement as called for in the Restatement's definition of an offer. At the time the form is completed, the employee does not know whether he will be affected by the layoff. The form fails to disclose specific positions for which the employee may be qualified. Moreover, had Barnum chosen one of the alternatives, the form did not assure escape from layoff through placement in another position.[2]

■ Also as a general principle, an offer must be sufficiently certain to allow a court to determine what duties will be imposed and what consideration will mature the obligation. *Suyemasa v. Myers* (1981), Ind.App., 420 N.E.2d 1334, 1345. The unspecified terms of the form could not provide the certainty required of an offer.[3] Thus, the form was nothing more than a vehicle to express a preference in the event of layoff.

■ Both the Board and Jeffboat argue that Barnum would not have been laid off had he marked the form to allow reclassification to a welder's position at a $.53 per hour pay reduction. The argument obfuscates the underlying issue that Barnum was never offered the welder's position. Barnum cannot be charged with knowledge of an eventuality which was never communicated to him.

Uncontroverted testimony by Barnum, elicited by counsel for the employer at the hearing before the referee, demonstrates that Barnum was never offered a specific position prior to the layoff.

"Q. Well, from what the employer says, you have the seniority to have been a welder II, but you chose to accept a layoff rather than a reclassification back down to welder II?

A. At that time, I didn't know that I had seniority to hold welding because when the layoff comes ...

Q. Well, what did you know then?

A. I knew there was this layoff coming.

Q. Okay.

A. And I was in transportation and why should I take a cut in pay and come back as a tacker if I'm going to be laid off anyway.

---

2. The record shows that Barnum had been laid off previously on July 21, 1982. Two days prior to the layoff Barnum completed a "Recall Choice Form" and agreed to return to work in any position for which he qualified. By agreeing to take any position available, Barnum was unable to avoid the layoff and was rehired at a lower position than the one he held at the time of the layoff.

3. Under the most favorable interpretation [to the Board's decision], the terms of the form appear to be that if the employee suffers a layoff, then if a contingency chosen has positions available and if the employee has accrued sufficient seniority to be placed in the position, the employee may be retained.

Q. Well, that's what I've been trying to find out from you. What ... were you told that you would be ... were you ever told what your new job would be?

A. No, sir, no guarantees.

Q. Well, I'm not asking for guarantees. Had anybody ever told you what you'd probably become?

A. No."

 The possibility of future employment does not constitute an offer of employment. *Muncie Fdry. Division v. Rev. Bd., etc.* (1943), 114 Ind.App. 475, 51 N.E.2d 891. In *Muncie* the employees failed to submit applications to the new employer purchasing the business at which they were employed. This Court found that the failure was not a refusal of offered employment, inasmuch as the applications presented only a possibility of future employment with the new company. Reviewing the evidence in the present case in a light most favorable to the Board, the form could be characterized as presenting the possibility of a job at best.

 Expression of a lack of interest in a type of employment prior to an actual offer of employment will not support a finding that the claimant refused an offer of suitable employment. *Jackson v. Review Board etc., et al.* (1954), 124 Ind.App. 648, 120 N.E.2d 413. The Board had denied Jackson unemployment compensation noting that although no offer was extended, her lack of interest in sales work could be construed as a refusal of suitable employment. Additionally, the Board in *Jackson* found that an actual offer was not necessary because the claimant's attitude demonstrated that the offer would have been useless. This Court disagreed and reversed the Board's decision.

Similarly, in the present case the Board and Jeffboat cannot now argue that Barnum's lack of interest in a reduction in classification, transfer to another unit or demotion to a laborer position relieved Jeffboat of a duty to offer Barnum employment. Because the form did not represent an offer of employment and because Barnum's preference for layoff cannot be said to have foreclosed acceptance of any offer of employment, Barnum is entitled to unemployment compensation.

The Board's decision is reversed.

Reversed.

STATON, P.J., and GARRARD, J., concur.